UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIBERT F. KONGTCHEU,  :<br>                                                     :<br>           Plaintiff,                         :<br>                                                     :<br>      v.                                         :<br>                                                     :<br>RICHARD E. CONSTABLE, III,      :<br>                                                     :<br>           Defendant.                       :<br>                                                     : | Civil Action No. 12-6872 (CCC)<br><br>MEMORANDUM OPINION<br>AND ORDER |

This matter having been opened to the Court upon application by *pro se* Plaintiff Philibert F. Kongtcheu ("Plaintiff") seeking the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e) [Docket Entry No. 26]; and Plaintiff arguing that counsel should be appointed because he is "unable to timely and competently prosecute [this] case as a *pro se* litigant facing other urgent commitments" *Id.*; and Plaintiff further arguing that he has already been granted leave to proceed *in forma pauperis* by the District Court; and Plaintiff further arguing that he "lack[s] the ability to present an effective case without an attorney" *Id.*; and Plaintiff further arguing that he "lack[s] familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs" *Id.*; and Plaintiff further arguing that to date he has been unable to find an attorney to represent him in this matter;

and the Court finding that pursuant to 28 U.S.C. §1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel[;]" and the Court further finding that there is no right to counsel in a civil case (*Tabron v. Grace*, 6F.3d 147, 153-54 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)); and the Court further finding that under *Tabron* in deciding whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law," and if it does, the Court then considers

additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims' (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf (*Tabron*, 6 F.3d at 155-157); and the Court further finding that other factors such as "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time" must also be considered when deciding an application for the appointment of *pro bono* counsel (*Jenkins v. D'Amico*, Civ. Action No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58));

and the Court having considered Plaintiff's application; and the Court noting that Plaintiff's complaint is currently subject to Defendant's motion for judgment on the pleadings or, in the alternative, summary judgment, *see* Docket Entry No. 21; and the Court further noting that, in light of this motion, it would be improper for the Court to make any determinations as to whether Plaintiff's complaint has "arguable merit in fact and law"; and the Court further noting that Plaintiff has not filed an opposition to Defendant's motion, despite being granted an extension of the deadline by 120 days; and the Court further noting that, to the extent Plaintiff is seeking *pro bono* counsel for the purpose of filing such an opposition, that request would be denied as untimely, as the Court made it clear in its Order that "no further extensions shall be given" *see* Docket Entry No. 24; and the Court further noting that Plaintiff does not claim that the legal issues will be complex, that experts will be required, or that credibility determinations

will play a significant role; and the Court further noting that Plaintiff does not elaborate on the "urgent commitments" which are hindering his ability to litigate this case; and the Court noting that, although Plaintiff has been granted *in forma pauperis* status and is unable to afford an attorney, this is only a single factor for consideration;

and the Court finding that, on balance, when the *Tabron* factors are considered in conjunction with the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time (*see Jenkins*, Civ. Action No 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58), they do no warrant the appointment of counsel at this time; and the Court having considered this matter pursuant to FED.R.CIV.P. 78, and for good cause shown,

IT IS on this 17th day of October, 2014,

ORDERED that Plaintiff's application for the appointment of *pro bono* counsel is DENIED WITHOUT PREJUDICE.

s/ James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**